JOSHUA TERRALL vs. SIMEON R. ADAMS.

T. and A. made a bet, in copartnership, with another person, to the amount of $100 on the presidential election, and T. advanced the whole of the money, and it is admitted that A. subsequent to the bet, paid T. $50 of the amount bet, and suit is brought by T. to recover the balance of the $100 from A., upon the ground that plaintiff in error (T.) loaned the amount bet to A. the defendant. *Held*, that it is the province of the jury to decide upon the conflict of testimony, and this court will not disturb their verdict.

The instructions asked by plaintiff, and refused by the court, were properly excluded from the jury.

IN error from the circuit court of Jasper county; Hon. A. B. Dawson, judge.

The facts of the case are contained in the opinion of the court.

*Heyfron & Street*, for plaintiff in error.

*Adams & Dixon*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

This action was commenced before a justice of the peace of Jasper county; judgment rendered for the plaintiff; an appeal taken by the defendant to the circuit court of said county, where a judgment was rendered for the defendant in error.

The facts are briefly these. On Wednesday after the presidential election in 1840, the plaintiff in error and the defendant as copartners, made a bet of $100 with another person on the result of the election. The plaintiff in error furnished the money. It is admitted that the defendant has paid the plaintiff $50, and this suit is brought to collect from the defendant the balance. There is a slight conflict in the statements of the parties before the jury; the plaintiff insisting that the money was lent to the defendant to bet on the election, and the de-

Terrall *v.* Adams.

fendant insisting that it was a copartnership bet. It was the province of the jury to decide on the conflict thus produced, and their verdict cannot now be disturbed.

It is however insisted that the court erred in refusing to give the following instructions asked by the plaintiff below:

"1. That money lent to bet upon an election which is over at the time the money is lent, may be recovered from the borrower.

"2. That betting upon an election, the result of which has passed, is not within the statute prohibiting betting upon the result of an election."

If the result of the election was known to the parties, of course no bet would have been made. It was because the parties were ignorant as to the result, that they were induced to bet. If one party knew the result, and bet with a party who was ignorant of it, it would have been a fraud as reprehensible as the act of betting itself. Every such bet is made under the supposition that both parties are ignorant at the time as to the result. In this instance the bet was upon an unknown result of the election, and therefore within the meaning of the statute, the object of which is twofold, to discountenance the immorality of gaming and to protect the elective franchise.

We are, therefore, of opinion that the instructions were correctly refused.

Judgment affirmed.